**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-10084
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

STEVEN SHAW,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas
(7:94-CR-013-Y)
October 31, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Appellant, Steven Shaw, appeals his conviction following trial for possession of cocaine with intent to distribute it. We affirm.

First, Appellant argues that the district court erred by allowing Luz Luna, a cooperating witness, to testify that he and Shaw had been involved in a similar drug transaction several months

---

[1] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

before the transaction in question. Luna's testimony about the earlier event was uncorroborated. The district court allowed the evidence as proof of intent and instructed the jury accordingly. Appellant contends that, since Luna's testimony was totally uncorroborated, its probative value was clearly outweighed by its prejudice. We need not decide this question because, if it was error to admit this evidence, the error was harmless by reason of the overwhelming evidence supporting Appellant's conviction. The questioned evidence did not affect the Appellant's substantial rights. United States v. Hooker, 997 F.2d 67, 76 (5th Cir. 1993).

Appellant next argues that the Government's evidence was insufficient to permit a reasonable trier of fact to conclude that his guilt was established beyond a reasonable doubt. United States v. Martinez, 975 F.2d 159, 160-61 (5th Cir. 1992), cert. denied, 113 S.Ct. 1346 (1993). Our careful review of the record fully convinces us that evidence of guilt was overwhelming. Appellant was arrested during an arranged transaction with a cooperating witness posing as seller of the drugs. Appellant met with the supposed seller, they discussed the drugs and price, Appellant had in his possession at arrest over $50,000 in cash and attempted to flee the scene. The amount of drugs supposed to have been exchanged was one kilogram, a quantity more than sufficient to allow the jury to infer intent to distribute.

Shaw also complains that the evidence was insufficient to rebut his entrapment defense. Again we review to determine whether

2

a reasonable jury could find, beyond a reasonable doubt, that Appellant was predisposed to commit the offense. The testimony of Luna, DEA Agent Lange and Police Officer Kendall showed beyond any doubt Shaw's willing participation in the drug transaction.

AFFIRMED.